# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2025-CA-00695-COA

SHOUTELL RICHARDSON                                          APPELLANT

v.

JACKSON PUBLIC SCHOOL DISTRICT                              APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 06/10/2025 |
| TRIAL JUDGE: | HON. J. DEWAYNE THOMAS |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CHANCERY COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | JOEL FRANK DILLARD |
| ATTORNEYS FOR APPELLEE: | ELLIE F. TURNAGE |
| | LARRISSA CHANTRESE MOORE |
| | MATTHEW ROSS DRAPER |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND REMANDED - 08/04/2026 |
| MOTION FOR REHEARING FILED: | |

**BEFORE CARLTON, P.J., LAWRENCE AND McCARTY, JJ.**

**LAWRENCE, J., FOR THE COURT:**

¶1.     Shoutell Richardson served as the principal of Van Winkle Elementary School in Hinds County.[1] Richardson's employment was terminated following her absences from work on approximately eighty-nine days for various reasons. Richardson requested a hearing before the school board, which upheld her termination. She subsequently petitioned for review in the Hinds County Chancery Court, additionally attempting to have that petition serve as a complaint alleging several federal causes of action. The chancery court was given

---

[1]   The record contains variations of the school's name, Van Winkle Elementary School and Van Winkle Early Childhood Center.

a bare-bones "record" from the school board's hearing that did not include the transcript or exhibits presented. Nonetheless, the chancery court upheld the board's decision to terminate Richardson's employment. Aggrieved, Richardson appealed. For the following reasons, this Court reverses the chancery court's decision and remands.

## FACTUAL AND PROCEDURAL HISTORY

¶2. Shoutell Richardson was employed by the Jackson Public School District (JPSD) as the principal of Van Winkle Elementary School. She suffered from a "seizure condition and related medical conditions," none of which are documented or confirmed by any medical records in the record on appeal.[2] This condition allegedly caused her to miss numerous days of work over the 2021-2022 school year.

¶3. On February 1, 2022, Richardson received "a formal letter of reprimand" stating that her "continuous absenteeism ha[d] become quite problematic," and "improvement [wa]s needed with being present at work." She was "demoted" from principal to a curriculum-supervisory position on the same day. Richardson's attendance did not improve. Her employment was terminated on June 1, 2022.

¶4. Over the course of the 2021-2022 school year, Richardson missed approximately eighty-nine days of work. The number of absences exceeded Richardson's allotted Family and Medical Leave Act (FMLA) time and both her paid and unpaid leave time. Richardson

---

[2] Richardson appears to contend that her seizure condition resulted from "slipp[ing] on vomit clean-up in the cafeteria and hit[ting] her head."

appealed her termination to the school board. Following a hearing, the school board upheld Richardson's termination.

¶5. On October 26, 2022, Richardson filed a petition for review of her termination in the Hinds County Chancery Court and a formal complaint against JPSD. Richardson alleged breach of contract, FMLA interference and discrimination, and FMLA retaliation. Additionally, she alleged discrimination, retaliation under the Federal Rehabilitation Act (FRA), and a failure to accommodate.[3] JPSD filed an answer to Richardson's complaint on March 24, 2023.

¶6. On July 25, 2023, Richardson filed an amended complaint requesting a jury trial "on all issues so triable" and adding a claim under the Americans with Disabilities Act (ADA). On January 12, 2024, JPSD filed a motion to strike Richardson's amended complaint. The court denied the motion and accepted Richardson's amended complaint. On September 23, 2024, JPSD filed a motion to dismiss Richardson's amended complaint, reasoning it was "in substance[,] an improper attempt to file a complaint against JPS[D.]"

¶7. On June 3, 2025, JPSD filed an amended motion to dismiss, attaching Richardson's

---

[3] Richardson attached a $200 bond to her petition as provided by statute. *See* Miss. Code Ann. § 37-9-113(2) (Rev. 2025) ("An appeal may be taken by such employee to the chancery court . . . by filing a petition with the clerk of that court and executing and filing bond payable to the school board with sufficient sureties, in the penalty of not less than Two Hundred Dollars ($200.00)"). However, the clerk "refused to accept the bond and stated that a bond can only be posted upon an order of this [c]ourt." The clerk's rejection of Richardson's bond is quite suspect to this Court. It is the duty of a judge, not a clerk, to decide whether to accept a petitioner's appeal.

3

official termination notice, a categorized log of her absences, responses to Richardson's requests for FMLA leave, Richardson's employment contract, and affidavits from Dionne Woody (the assistant superintendent of the JPSD Elementary II Division) and Dr. Tommy Nalls (director of recruitment and ADA application evaluations). JPSD argued that Richardson was only permitted to appeal her own termination in the chancery court, meaning her additional claims were improper in the instant action.

¶8.     The chancellor entered an order dismissing Richardson's amended complaint with prejudice on June 10, 2025. Of note, the record the chancery court reviewed did not include the transcript of or exhibits from Richardson's hearing before the school board. Curiously, however, the chancellor's order noted that "the stated reasons for Richardson's termination are **supported by substantial evidence adduced at the termination hearing**[.]" (Emphasis added). The chancellor also recounted certain pieces of evidence allegedly presented to the school board. Again, none of this was in the record on appeal to the chancery court.

¶9.     On June 17, 2025, Richardson appealed. She designated the record on appeal to the supreme court as "all clerk's papers, trial transcripts and exhibits filed, taken or offered in this case." JPSD filed its reply brief on November 14, 2025. On November 26, 2025, Richardson filed a motion to strike materials submitted by JPSD that were not part of the record on appeal. Specifically, those materials were record excerpts that "were never presented to the chancery court" and were "not in the record on appeal as designated by the parties under MRAP Rule 10." Richardson contended that portions of JPSD's brief should

4

also be stricken for relying on these materials outside the record. This Court held an oral argument on April 15, 2026, and the record on appeal to the chancery court and this Court was discussed extensively.

## STANDARD OF REVIEW

¶10.    Under Mississippi Rule of Civil Procedure 12(b)(6), "when **matters outside the pleading are presented** . . . the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." *State v. Bayer Corp.*, 32 So. 3d 496, 503-04 (¶24) (Miss. 2010) (emphasis added) (quoting *Wilbourn v. Equitable Life Assurance Soc.*, 998 So. 2d 430, 435 (Miss. 2008)); *see also* M.R.C.P. 56.  That is precisely what occurred here; as such, the dismissal will be treated as an order granting summary judgment on appeal, which we review de novo.  *Miller v. R.B. Wall Oil Co.*, 970 So. 2d 127, 130 (¶6) (Miss. 2007) (citing *Moss v. Batesville Casket Co.*, 935 So. 2d 393, 398 (Miss. 2006)).  Further, "we must confine our review to what appears in the record."  *Id.* (quoting *Pulphus v. State*, 782 So. 2d 1220, 1224 (Miss. 2001)).

## DISCUSSION

### I.    Record Deficiencies

¶11.   First, we discuss the deficiencies in the record presented to both this Court and the chancery court.  To do so, we must identify which procedural rules apply to appeals from an administrative agency (e.g., a school board) to a chancery court.

#### a.    Relevant Rules

¶12.    There is no doubt that the Mississippi Rules of Civil Procedure generally apply to actions filed in the chancery court. Equally, there is no doubt this case is an appeal. *See* Miss. Code Ann.§ 37-9-113(2) ("[A]n appeal may be taken by such employee to the chancery court of the judicial district in which the school district is located.").

¶13.    When a **circuit court is sitting as an appellate court** for cases decided in county court, the Mississippi Rules of Appellate Procedure apply. *See* M.R.A.P. 1. ("These rules govern procedure in appeals to the Supreme Court of Mississippi and the Court of Appeals of the State of Mississippi[] . . . and appeals from county court to circuit court."). The rule itself does not, however, address appeals to chancery court.

¶14.    In *Fields v. City of Clarksdale*, 27 So. 3d 464 (Miss. Ct. App. 2010), Fields, a fire department captain, was terminated from his position by the city's mayor and board of commissioners after allegations of insubordination arose against him. *Id.* at 465 (¶2). Fields appealed the decision to the proper authority, the Clarksdale Civil Service Commission, which upheld his termination. *Id.* at 465-66 (¶¶3-4). Then, Fields filed a notice of appeal with the circuit court (but did not pay the associated costs) and requested that the Commission provide the hearing transcript to the circuit court. *Id.* at 466 (¶5). The Commission informed him that he was to pay the costs of the transcript, and he filed a motion approximately two-and-a-half weeks later requesting that the city cover the costs instead. *Id.* The circuit court held a hearing and dismissed Fields's appeal with prejudice, finding that he "waited too long to request the assistance of the court in securing a transcript[.]" *Id.*

¶15.    On appeal, this Court noted that the circuit court's decision to dismiss Fields's case was based "wholly on" the Uniform Rules of Circuit and County Court (URCCC).[4] *Id.* at 466-67 (¶7).  Fields did not assert that the URCCC did not apply to the dismissal of his appeal; rather, he argued that those rules were to work in tandem with the Mississippi Rules of Appellate Procedure. *Id.* at 467 (¶8).  This Court stated that it had previously found, "with respect to the issue of mandatory or discretionary dismissals, the Mississippi Rules of Appellate Procedure **apply to appeals from an agency decision to the circuit court**." *Id.* (emphasis added) (citing *Wheeler v. Miss. Dep't of Env't Quality Permit Bd.*, 856 So. 2d 700, 714 (¶14) (Miss. Ct. App. 2003)).  This Court applied the Rules of Appellate Procedure to Fields's appeal to the circuit court.

¶16.    As for chancery-court-specific appeals, our courts have previously held:

> There is not a large body of detailed rules governing procedure when the chancery (or circuit) court sits in an appellate capacity reviewing an action of a state agency. Rather than adopt a lengthy set of rules for that situation, the Mississippi Supreme Court has said that the reviewing court may, **when appropriate**, refer to the Mississippi Rules of Appellate Procedure for guidance.

*Adams v. Miss. State Oil & Gas Bd.*, 854 So. 2d 7, 9-10 (¶11) (Miss. Ct. App. 2003) (emphasis added) (citing *Van Meter v. Alford*, 774 So. 2d 430, 432 (¶3) (Miss. 2000); *Am. Investors Inc. v. King*, 733 So. 2d 830, 832 (¶4) (Miss. 1999)).  Like *Fields*, Richardson is similarly appealing an agency decision.  In accordance with *Adams*, we find that this is an

---

    [4] These rules have since been amended as the Uniform Civil Rules of Circuit and County Court Practice (UCRCCC) (effective July 1, 2017).

"appropriate" situation to "refer to the Mississippi Rules of Appellate Procedure for guidance." *Id.*

### b. Application

¶17. The record before the chancery court was wholly inadequate; admittedly, it is a mystery to this Court why both parties seemingly assented to move forward without requesting a court order to supplement the record before the chancery court when the deficiency was noticed. Mississippi Rule of Appellate Procedure 10 governs the creation of the record:

> The parties shall designate the content of the record pursuant to this rule, and **the record shall consist of** designated papers and **exhibits** filed in the trial court, the **transcript** of proceedings, if any, and in all cases a certified copy of the docket entries prepared by the clerk of the trial court.

M.R.A.P. 10(a) (emphasis added). According to this rule, Richardson's appeal to chancery court was deficient for two reasons. One, the record should have contained the designated papers and exhibits previously filed at the school board hearing.[5] Two, the rule clearly

_____

[5] At oral argument, both parties argued that the opposite side was responsible for compiling and providing the record to the chancery court. Rule 10(b)(1) of the Mississippi Rules of Appellate Procedure states "the **appellant** shall file with the clerk of the trial court and serve both on the court reporter or reporters and on the appellee a written designation describing those parts of the record necessary for the appeal." On the contrary, the Attorney General has stated that while "[s]ection 37-9-113 does not address preparation of the record . . . based upon the language of Section 37-9-111(4) requiring the school board to have the proceeding recorded by a stenographer, we are of the opinion that the **school board** is responsible for preparing the record of the matter." Miss. Att'y Gen. Op., No. 2016-00068, 2016 WL 1566502, *Howell* at *2 (Mar. 4, 2016) (emphasis added). Rather than deciding which party should have filed the record on appeal, we would conclude simply that both sides failed in their duty to present an appropriate and accurate record before the chancery

dictates that a record of the school board's hearing "shall" contain the "transcript of proceedings" if one was compiled.[6] The chancery court did not receive either, at least as far as we are capable of discerning in our review.

¶18. Even further, "[p]ursuant to Miss. Code Ann. § 37-9-113(3) . . . , the chancery court is directed to **review the entire record** to determine whether a school board's decision is unlawful because it is not supported by any substantial evidence and/or is arbitrary or capricious." *Byrd v. Greene Cnty. Sch. Dist.*, 633 So. 2d 1018, 1022 (Miss. 1994) (emphasis added) (quoting *Spradlin v. Bd. of Trs. of Pascagoula Mun. Separate Sch. Dist.*, 515 So. 2d 893, 898 (Miss. 1987)). Even if the chancellor in this case had reviewed the "entire record," this Court would have no way of knowing it. The chancellor apparently only received the record that we received, which did not include the transcript of the testimony before the school board or all the exhibits.[7] The record was grossly insufficient for appellate review. The question then becomes, how was the chancery court expected to proceed with a review of the school board's decision without a complete record on appeal?

¶19. Returning to *Fields*, a process should have occurred, but it did not. In *Fields*, the terminated employee cited the following rule in support of his position:

court and this Court.

6 At oral argument, JPSD informed this Court that there was indeed a transcript of Richardson's two-day hearing before the school board.

7 The parties agreed at oral argument that the transcript of the school board hearing was never part of the record before the chancery court or the record on appeal to this Court.

9

> An appeal may be dismissed upon motion of a party or on motion of the appropriate appellate court (i) when the court determines that there is an obvious failure to prosecute an appeal; or (ii) **when a party fails to comply substantially with these rules**. When either court, on its own motion or on motion of a party, determines that dismissal may be warranted under this Rule 2(a)(2), **the clerk of the Supreme Court shall give written notice to the party in default, apprising the party of the nature of the deficiency.** If the party in default fails to correct the deficiency within fourteen (14) days after notification, the appeal shall be dismissed by the clerk of the Supreme Court. The attorney for the party in default has the burden to correct promptly any deficiency or to see that the default is corrected by the appropriate official.

*Fields*, 27 So. 3d at 467 (¶8) (quoting M.R.A.P. 2(a)(2)). Fields claimed that this rule "require[d] that he be given notice of the [appeal's] deficiency and fourteen days to correct it." *Id.* This Court agreed, holding that "Fields was not given notice by the circuit clerk, and he was not provided fourteen days in which to have the record for his appeal filed." *Id.* at 467-68 (¶10). As such, "this lack of notice and opportunity to remedy the deficiency in Fields's appeal deprived him of due process." *Id.*

¶20. We find the same to be true in Richardson's case. The record filed on appeal with the chancery court was not a complete record and, therefore, did not comply with the statutory requirements for a review in the chancery court. Neither party filed the transcript of the testimony before the school board or the exhibits. JPSD attached a few pages of the transcribed testimony before the school board to its response to Richardson's motion to dismiss. That is not the record on appeal, and that is hardly sufficient for appellate review. Here, the chancery court should have noted the deficiencies in the record and acted in accordance with *Fields*, 27 So. 3d at 467 (¶8), and Mississippi Rule of Appellate Procedure

2(a)(2). Richardson should have been notified of the deficiency in her record on appeal and been given fourteen days to cure that deficiency before her case was dismissed. *See* M.R.A.P. 2(a)(2).

¶21.    As for this Court, we decline to address the merits of Richardson's appeal at this stage with an incomplete record:

> It is a well settled rule that **this Court will only consider facts found within the trial record**. This Court does not rely on assertions made in briefs, but only on facts preserved within a record certified by law[.] The record on appeal must show such portions of the record of the trial court as are necessary for a consideration of the questions presented[.] Therefore, before we can address the merits of an appeal, **we must have a complete record of the evidence presented, the rulings made, and the basis for the trial court's decision**.

*Home Sols. of Miss. LLC v. Ridge*, 301 So. 3d 670, 676 (¶21) (Miss. Ct. App. 2020) (emphasis added) (quoting *Pennington v. Dillard Supply Inc.*, 858 So. 2d 902, 903 (¶5) (Miss. Ct. App. 2003)). The lack of a complete record presented to the chancery court requires reversal and remand. On remand, the issue of the record on appeal should be addressed by the chancery court, which should inform Richardson of the record's deficiency and permit her the opportunity to cure this deficiency.[8] After the record is complete, the

---

[8] Although we largely defer to the administrative agency's judgment for our review, *see Leland Sch. Dist. v. Brown*, 342 So. 3d 508, 515-16 (¶20) (Miss. Ct. App. 2022) (stating "in substance, this Court reviews the Board's decision, not the ruling of the chancery court on appeal"), that does not cancel out the proper channel of recourse for Richardson to seek. The law is clear that if disputing her own termination, Richardson was to petition for review by the school board, appeal for review by the chancery court, and then appeal to our supreme court. In each step of the review process, the record assumes a vital importance that ensures the appellate review is being completed in accordance with the law. Otherwise, a proper

11

chancery court should conduct the statutorily mandated appellate review.

## II. Impermissible Causes of Action

¶22.  As stated previously, Richardson combined her petition for appellate review in the chancery court with a litany of additional and legally separate causes of actions.[9]  Most of those claims were federal causes of action: FMLA interference, FMLA discrimination, FMLA retaliation, FRA failure to accommodate, FRA discrimination, FRA retaliation, ADA failure to accommodate, ADA discrimination, and ADA retaliation.  Richardson also brought a breach of contract claim under Mississippi law.

¶23.  "An[] employee aggrieved by a final decision of the school board is entitled to judicial **review**[.]"  Miss. Code Ann. § 37-9-113(3)(1) (emphasis added).  That section continues to state:

> An **appeal may be taken** by such employee **to the chancery court** of the judicial district in which the school district is located, by filing a petition with the clerk of that court and executing and filing bond payable to the school board with sufficient sureties, in the penalty of not less than Two Hundred Dollars ($200.00), conditioned upon the payment of all of the costs of appeal, within twenty (20) days of the receipt of the final decision of the board.

*Id.* (emphasis added).  Immediately following that statutory procedure, the chancery court's scope of review is expressly set forth by statute:

> The **scope of review** of the chancery court in such cases shall be **limited to a review of the record made before the school board or hearing officer to**

review cannot occur.

[9]  Richardson's counsel stated at oral argument that doing so was not only permissible, it was required under the principles of claim-splitting and issue preclusion.

12

**determine if the action of the school board is unlawful** for the reason that it was:

(a)     Not supported by any substantial evidence;
(b)     Arbitrary or capricious; or
(c)     In violation of some statutory or constitutional right of the employee.

Miss. Code Ann. § 37-9-113(3)(a)-(c) (emphasis added).

¶24.    In raising accompanying claims within her petition for appellate review, Richardson asserted that she was entitled to a jury trial and relief decided in the chancery court under the principle of pendent jurisdiction. Pendent jurisdiction is invoked when a claim "arises out of the same transaction or occurrence as the principal claim or, as others put it, out of a common nucleus of operative fact." *Re/Max Real Estate Partners Inc. v. Lindsley*, 840 So. 2d 709, 714 (¶27) (Miss. 2003) (quoting *McDonald's Corp. v. Robinson Indus. Inc.*, 592 So. 2d 927, 934 (Miss. 1991)). But in *Lindsley*, a chancery court had pendent jurisdiction "[b]ecause the chancery court ha[d] original jurisdiction" over "the pivotal claim by which the other claims will be measured and by which proper relief may be granted." *Id.* Here, however, the chancery court had statutory appellate jurisdiction "limited to a review of the record" to "determine if the action of the school board [wa]s unlawful," under three legal reasons. That appellate review is totally separate from the causes of action in Richardson's operative complaint. A consideration of Richardson's other federal claims would be well outside the chancery court's explicit statutory scope of review in a school-board termination matter. Again, by statute, the chancery court is **only** permitted to a "limited" review the

13

school board's decision based on the record made before the school board.

¶25. Richardson's inclusion of non-appellate claims shares some commonalities with the case of *Falco Lime Inc. v. Mayor and Aldermen of City of Vicksburg*, 836 So. 2d 711 (Miss. 2002). *Falco* involved an appeal under Mississippi Code Annotated section 11-51-75 (Rev. 2002), which stated, "Any person aggrieved by a judgment or decision of the board of supervisors, or municipal authorities of a city, town, or village, may appeal" to the circuit court. *Id.* at 715-16 (¶16). The supreme court described the case as having a "hybrid quality," as separate causes of action were incorporated within the appeal to circuit court. *Id.* at 720 (¶37). Ultimately, the supreme court held, "Where the **circuit court** finds before it **a § 11-51-75 appeal** that arises out of a common nucleus of operative fact **with claims** that would **ordinarily be resolved by a trial de novo**, the better procedure is to **function first in its appellate capacity** and hear the § 11-51-75 appeal based on the bill of exceptions, **and then proceed to other claims** (and the evidence related to them) only if the resolution of the appeal leaves them unresolved." *Id.* (emphasis added).

¶26. But *Falco* is not exactly on point in this case. True, this case is an appeal with additional causes of action alleged just like *Falco*. But the statute discussed in *Falco* applies to cases being appealed to circuit court, **not** chancery court, and has since been amended. Miss. Code Ann. § 11-51-75 (Rev. 2019). The statutory law applied in *Falco* did not specifically limit the appellate court's function like the statute involved in appeals of school board decisions. *See* Miss. Code Ann. § 37-9-113(2)-(3) ("An appeal may be taken . . . to

14

the chancery court . . . . The **scope of review** . . . shall be **limited to a review of the record made before the school board**[.]" (emphasis added)). Despite *Falco* being a case about an appeal to circuit court and this case being an appeal to chancery court, it serves as some guidance to this Court when no other guidance exists.

¶27.     It is important to note this Court is not deciding whether and to what extent the chancery court may or may not have jurisdiction as to each of the alleged federal court claims Richardson asserted in her direct appeal. This Court declines to address the merits of those claims at all because they are beyond the scope of review, and this Court is remanding due to an insufficient appellate review by the chancery court on an insufficient record on appeal. On remand, the chancery court can decide whether to dismiss or transfer those other causes of action and what effect, if any, the resolution of the appeal would have on them.[10]

### III.     Motion to Strike

¶28.     Finally, we address Richardson's motion to strike. In JPSD's brief filed with this Court, "new" information was incorporated with its argument and by way of record excerpts. The record excerpts contained short, isolated exchanges from the transcript and exhibits not previously filed in the record on appeal in the chancery court.

¶29.     The subject of "new" information on appeal has been discussed at length in our caselaw. The Mississippi Supreme Court has directed that "[b]eing an appellate court, we

---

[10] In an effort to prevent this Court from issuing an advisory opinion, this Court does not presuppose any particular course of action on this issue, as it should be first resolved by the chancery court on remand.

take the record as it comes to us, and receive no new evidence here." *State v. Cummings*, 203 Miss. 583, 591, 35 So. 2d 636, 639 (1948) (citing *Harvey v. Briggs*, 68 Miss. 60, 8 So. 274 (1890); *Witherspoon v. State ex rel. West*, 138 Miss. 310, 103 So. 134 (1925); *Williams v. J. E. Walton & Son*, 202 Miss. 641, 32 So. 2d 566 (1947)). That principle has long been upheld. *See Abercrombie v. Abercrombie*, 193 So. 3d 680, 683 (¶9) (Miss. Ct. App. 2016) (citing *Myers v. State*, 145 So. 3d 1143, 1152 (¶23) (Miss. 2014); *Craft v. Craft*, 32 So. 3d 1232, 1243 (¶29) (Miss. Ct. App. 2010)).

¶30.    Because we have no documentation showing that JPSD's record excerpts were part of the record before the chancery court, this new information amounts to only assertions put forth in a brief in a response to a motion to strike and in the record excerpts. And "[a]n appellate court must decide each case by the **facts shown in the record, not assertions in the brief**." *In re Est. of Dabney*, 69 So. 3d 71, 74 (¶8) (Miss. Ct. App. 2011) (emphasis added) (quoting *Oakwood Homes Corp. v. Randall*, 824 So. 2d 1292, 1293 (¶3) (Miss. 2002)).

¶31.    Our position on Richardson's motion can be best summarized by an excerpt from a case decided in 1929 by our supreme court:

> The purpose of the record in an appellate court is to place before that court an **exact reproduction,** in so far as physically possible, of the material pleadings, proceedings, and evidence in the trial court, so that from the first or initial pleading, thence to and including the last judgment or decree made in the trial court, there may be officially exhibited to the appellate court everything, material to the appeal, that was **before the court in the trial** and which was considered and done, or which should have been considered and done by that court.

*Hume v. Inglis*, 154 Miss. 481, 122 So. 535, 536 (1929) (emphasis added). We are an appellate court. Appellate courts exist to review trial courts' existing decisions, and there is no way to do so if we are presented with insufficient information or evidence outside the record on appeal. This Court has every right to expect to see "an exact reproduction" of what has already happened in this case, before both the school board and the chancery court. Accordingly, this Court grants Richardson's motion to strike in its entirety.

## CONCLUSION

¶32. Richardson's additional claims cannot be considered in the current action under "pendent jurisdiction." Additionally, this Court grants Richardson's motion to strike. Finally, under the Mississippi Rules of Appellate Procedure, Richardson should have been informed of the deficiencies of her appeal and the record on appeal and given time to cure those deficiencies. The chancery court should have had the entire record from the school board hearing before performing its statutorily mandated review of the school board's action. Therefore, the chancery court's order is reversed, and this case is remanded to the chancery court for proceedings consistent with this opinion.

¶33. **REVERSED AND REMANDED.**

**BARNES, C.J., CARLTON, P.J., WESTBROOKS, EMFINGER AND WEDDLE, JJ., CONCUR. LASSITTER ST. PÉ, J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION, JOINED BY McCARTY, J. WILSON, P.J., AND McCARTY, J., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. McDONALD, J., NOT PARTICIPATING.**

**LASSITTER ST. PÉ, J., SPECIALLY CONCURRING:**

17

¶34. I concur with the majority's decision to reverse and remand this matter because the record before the chancery court was plainly insufficient to permit a meaningful review of the school board's decision. Without a complete record, as contemplated by Mississippi Rule of Appellate Procedure 10(a), including the designated papers, exhibits, and transcript of the school board hearing, neither the chancery court nor this Court could properly perform its appellate function. This conclusion is further supported by Mississippi Code Annotated section 37-9-113(3) (Rev. 2025), which directs the chancery court to review the entire record to determine whether the board's decision is unlawful because it is unsupported by substantial evidence, arbitrary or capricious, or in violation of a statutory or constitutional right. The chancery court could not perform its sole appellate responsibility because there was essentially no record to review.

¶35. I write separately to clarify any suggestion by the majority that the chancery court, while exercising its limited appellate jurisdiction, has any legal authority, whether by statute or under *Falco Lime Inc. v. Mayor & Aldermen of Vicksburg*, 836 So. 2d 711 (Miss. 2002), to adjudicate the state and federal civil claims asserted by Richardson in her original and amended complaints. The chancery court's scope of review is limited to determining whether the Board's action was unlawful because it was unsupported by substantial evidence, was arbitrary or capricious, or violated a statutory or constitutional right. The statute does not transform the chancery court into a court of original jurisdiction for the adjudication of collateral state or federal law claims merely because those claims arise from the same

18

underlying employment dispute, involve the same parties, and share the same operative facts. Allowing such claims to proceed in a statutory appeal would undermine the carefully constructed framework of administrative-exhaustion requirements, notice provisions, filing deadlines, and jurisdictional limitations established by both the Legislature and Congress.

¶36.    The statutory appeal process exists for a limited purpose: to provide judicial review of the governmental entity's decision after completion of the administrative process. It is not a vehicle through which litigants may initiate independent causes of action or circumvent the procedural and jurisdictional requirements imposed by state and federal law.

¶37.    I recognize that the majority opinion is "not deciding whether and to what extent the chancery court may or may not have jurisdiction as to each of the alleged state and federal claims Richardson asserted in her direct appeal." I write simply to make clear that there is no circumstance in which the chancery court, acting solely pursuant to its statutory appellate authority under section 37-9-113 in this appeal, possesses jurisdiction to adjudicate the separate state and federal claims Richardson attempted to assert in her complaint and amended complaint. To remand this matter while leaving open the possibility that the chancery court could entertain those claims would needlessly expend judicial resources and impose additional burdens on the litigants. This issue presents a question of law that can and should be resolved now.

¶38.    Whether Richardson has fully exhausted her administrative remedies and satisfied all jurisdictional prerequisites for her state and federal claims is not before this Court. Assuming

19

she has done so, she remains free to pursue those claims in the appropriate forum, but not within this statutory appeal before the chancery court.

¶39.   Accordingly, while I fully agree that reversal and remand are required because of the incomplete record, I would further hold that the chancery court, acting pursuant to its limited statutory appellate jurisdiction under section 37-9-113, maintains no subject matter jurisdiction to adjudicate Richardson's state and federal claims within this statutory appeal.

**McCARTY, J., JOINS THIS OPINION.**